UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BREAKTHROUGH REALTY          *          CIVIL ACTION
UNLIMITED, LLC

VERSUS                       *          NO: 06-2420

HATTIE KEYS MINOR, ET AL     *          SECTION: "D"(2)


**ORDER AND REASONS**

Before the court is the **"Motion to Dismiss and Remand to State Court"** filed by Defendant, Hattie Keys Minor. Defendant, Allstate Insurance Company, appearing in its "fiduciary" capacity as the "fiscal agent" of the United States, filed a memorandum in opposition. The motion, set for hearing on Wednesday, August 2, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

**I.  Background**

On April 6, 2006, Breakthrough Realty Unlimited, L.L.C. (Breakthrough) filed a "Petition for Concursus" in Civil District Court, for the Parish of Orleans, State of Louisiana, naming as

Defendants: **Hattie Keys Minor** (allegedly the named insured of homeowner's and flood insurance policies issued by Allstate Insurance Company providing coverage for property located at 2327 Conti Street in New Orleans, Louisiana); **Allstate Insurance Company** (who allegedly issued a homeowner's and flood insurance policy to Hattie keys Minor for property located at 2327 Conti Street); and **Standard Mortgage Corporation** (who allegedly was the first mortgagee on the property located at 2327 Conti Street and had a mortgage note with Hattie Keys Minor as mortgagor).  (*See* Breakthrough's Petition for Concursus, attached to Notice of Removal).

In its Petition for Concursus, Breakthrough alleges in part:

> On April 22, 2005, Minor executed as Act of Sale and Assumption wherein she sold the property located at 2327 Conti Street, New Orleans, Louisiana to Breakthrough.  The sale and assumption were duly recorded on April 28, 2005.  Defendant Standard [Mortgage Corporation] was not given prior notification of the sale and assumption.  A verbally agreed condition of the act of sale between the parties was that defendant Minor would transfer the prepaid existing homeowner's and flood insurance policies with defendant Allstate to Breakthrough.  Defendant Minor did not transfer the insurance coverage to Breakthrough as agreed.

(*See* Breakthrough's Petition for Concursus, ¶11).

Breakthrough further alleges that on or about August 29, 2005, the insured property sustained extensive wind and water damages

2

caused by Hurricane Katrina, and Breakthrough learned (at an undetermined date) that Minor did not transfer the homeowner's and flood insurance policies to Breakthrough as agreed. (*Id.* at V & VII). But effective December 6, 2005, Breakthrough was allegedly added to the Allstate homeowner's policy as "mortgagee/third party interested party," and effective December 5, 2005, Breakthrough was allegedly added to the Allstate flood policy as "loss payee/lender." (*Id*. at VIII).

On or about January 24, 2006, Allstate allegedly issued a check in the amount of $8,566.31 for homeowner's policy damages to Minor and Standard Mortgage Corporation, and on or about March 18, 2006, Allstate allegedly issued a check in the amount of $36,000 for flood damages to Minor, Standard Mortgage Corporation and Breakthrough. (*Id*. at IX). In its Petition for Concursus, Breakthrough prays that the Allstate checks in the amount of $8,566.31 and $36,000 be deposited into the registry of the court, and that the court determine the relative interest of the competing and conflicting claims to the money so deposited.

On May 5, 2005, Allstate, appearing in its role as a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program (NFIP) pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001 *et seq*.), removed that matter to this court asserting that this lawsuit

3

arises out of a claim for U.S. Treasury benefits under a NFIP Standard Flood Insurance policy (SFIP).  On July 14, 2006,[1] Hattie Keys Minor filed the instant **"Motion to Dismiss and Remand to State Court,"** arguing that this court lacks subject matter jurisdiction because the suit does not involve a dispute over the amount of payment from a SFIP, but rather it involves a dispute over the allocation of proceeds from a SFIP.[2]

## II.  Legal Analysis

In this matter, Allstate is sued not just as the issuer of a

---

[1]   On July 10, 2006, Hattie Keys Minor filed an Answer, in which she states in part that she "has no recollection of signing any Act of Sale or Assumption."  (*See* Answer, Doc. No.11, ¶ 2).

[2]   On July 25, 2006, Allstate, appearing as the alleged **homeowner's insurer**, filed a "Motion for Leave of Court to File Motion to Deposit Funds in the Registry of the Court and Cross Claim for interpleader" and "Motion to Deposit Funds in the Registry of the Court" and the court allowed Allstate, as **windstorm insurer** of the property located at 2327 Conti Street, to deposit the sum of $19,726.38 into the registry of the court.

Allstate represents that counsel for Hattie Keys Minor returned to Allstate its check for the original windstorm damage, and that the amount deposited into the registry of the court ($19,726.38) represents both the original and supplemental windstorm damage to the subject property.  To date, no party has deposited into the registry of this court any amount allegedly for **flood** damage.  In its opposition to the instant Motion to Dismiss and Remand, Allstate argues, in part:

> Breakthrough asserts here that it "desires" that the federal funds put at issue by [the check that Allstate issued in the amount of $36,849.32 under the flood policy] be deposited into a state court registry. Simply put, this "desire" cannot be fulfilled because the check has been voided.  Moreover, a state court is not competent to adjudicate a claim for federal funds under the [National Flood Insurance Program]....

(Allstate's Opp. at 4-5).

private homeowner's policy, but also as the issuer of a federal flood insurance policy. As a "Write Your Own" (WYO) company through which flood policies are issued, Allstate is a fiscal agent of the United States. 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

In its memorandum in opposition to Minor's Motion to Dismiss and Remand, Allstate (in its position as a WYO Program insurance company) admits that on March 18, 2006, Allstate issued a check to Minor, Standard, and Breakthrough under the subject Allstate flood policy, but that the check has now been marked "void" because "the allegations of the pleadings filed by both Breakthrough and Hattie Keys Minor reveal that it is highly unlikely that any federal benefits are owed to either of these parties." (Allstate's Opp. at 4 & Exhibit A, voided check).

In reviewing the allegations made by both Breakthrough and Minor, the court finds that federal funds under a federal flood insurance policy are at issue, because the following must be determined: whether Minor or Breakthrough was the owner of the subject property at the time of the loss; and *if* the property was sold by Minor to Breakthrough, whether the subject flood policy was properly transferred to Breakthrough to entitle Breakthrough to the subject flood insurance benefits.

The court concludes as a matter of law that this case does not

5

involve a policy procurement dispute or allegations of errors and omissions by an insurance agent,[3] but rather it is a case related to claims and claims handling as Allstate "contests every aspect of both [Breakthrough's and Minor's] claims to the government's funds ... [i.e.], the U.S. Treasury funds that both of them are seeking in this case."  (Allstate's Opp. at 6).  And as such, this matter falls exclusively within federal question jurisdiction.  *Wright v. Allstate Ins. Co*, 415 F.3d 384, 389-90 (5th Cir. 2005).[4]

Accordingly;

**IT IS ORDERED** that the **"Motion to Dismiss and Remand to State Court"** filed by Defendant, Hattie Keys Minor, be and is hereby **DENIED.**

New Orleans, Louisiana, this **2nd** day of **August**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[3]  The court recently remanded cases involving claims relating to "policy procurement" or "error and omissions" for lack of subject matter jurisdiction.  *See e.g., Jeffrey v. Insurance Underwriters, Ltd.*, 2006 WL 1984591 (E.D.La. 2006); and *Cosse v. B.G. Matte*, 2006 WL 1968868 (E.D.La. 2006).

[4]  *See also* 44 C.F.R. Pt. 61, App. A(1), Art. IX, which provides:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.

6

7